# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

JASHANPREET SINGH,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. 26-cv-03425-BAS-MSB

**ORDER:**

**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1); AND**

**(2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 3)**

Petitioner Jashanpreet Singh filed a Habeas Petition pursuant to 28 U.S.C. § 2241, requesting release or a bond hearing. (ECF No. 1.) The Government responded to the Petition, indicating it has "determined that the legal issues presented concern the statutory authority for . . . ICE detention of Petitioner under 8 U.S.C. § 1225(b)(2)(A) or § 1226(a)." (ECF No. 8.) Given the Court's past rulings on this issue, the Government defers to the

- 1 -

Court. (*Id.*) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within 14 days.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The writ is available to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody, and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    ANALYSIS

The Petition is not a model of clarity. Petitioner claims he entered the United States on April 6, 2024, and applied for asylum in May 2024. (Pet. ¶¶ 20–21.) It is not clear whether Petitioner was detained at the border and released or whether he entered without detection and has been living in the United States. (*See id.*) According to the Government, on January 8, 2026, Petitioner pled guilty to felony false imprisonment and driving under the influence. (ECF No. 8.) He is currently awaiting sentencing in that criminal case. (*Id.*)

On March 4, 2026, while Petitioner was leaving court, ICE detained him and presumably denied him a bond hearing in reliance on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (Pet. ¶ 30.) Petitioner argues that his "prolonged detention" violates due process and that ICE is violating the Eighth Amendment, which prohibits excessive bail. (*Id.* ¶ 4.) In addition, Petitioner makes reference to his eligibility for a bond hearing under § 1226(a) and the Court's rejection of *Yajure Hurtado*.

Petitioner first claims he has been subjected to prolonged detention, citing *Chavez-Alvarez v. Warden York Co. Prison*, 783 F.3d 469 (3d Cir. 2015), *abrogated in part on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018). However, Chavez-Alvarez had been detained for 21 months, and the Third Circuit, relying on *Zadvydas v. Davis*, 533

U.S. 678, 690 (2001), held that sometime between six months and one year, a detention becomes prolonged. *Chavez-Alvarez*, 783 F.3d at 478. Petitioner has been detained for only three months. At this point, the Court does not find that he has been subjected to prolonged detention.

Petitioner next argues that denial of bail violates the Eighth Amendment's prohibition on "excessive bail." However, "[t]he Excessive Bail Clause does not accord a right to bail in all cases, but merely provides that bail shall not be excessive in those cases where it is proper to grant bail." *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1121 (W.D. Wash. 2019) (citation modified) (citing *Carlson v. Landon,* 342 U.S. 524, 545 (1952)). Thus, courts have held bail may be denied in deportation cases without violating the Eighth Amendment. *Id.*; *see also, e.g.*, *Leader v. Blackman*, 744 F. Supp. 500, 509 (S.D.N.Y. 1990).

However, the Central District of California certified a class of which Petitioner may be a member and essentially overruled *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025). Although the Ninth Circuit has stayed application of the class to any members outside the Central District of California, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agrees with the court in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026). For all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition.

//

//

//

//

26cv3425

## III.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Jashanpreet Singh (A#249-400-039) within 14 days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within 14 days, Petitioner is ordered released forthwith.

The Court **DENIES AS MOOT** the Motion for a Temporary Restraining Order. (ECF No. 3.) The Clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED: July 1, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

26cv3425